PHILLIP A. TALBERT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE EDEN LANDEROS, and<br>ISRAEL MUNGUIA-MUNOZ,<br><br>Defendants. | CASE NO. 1:20-CR-00214 DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>CURRENT DATE: August 10, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**STIPULATION**

1. By previous order, this matter was set for status on August 10, 2022.

2. By this stipulation, defendants now move to continue the status conference until December 14, 2022, and to exclude time between August 10, 2022, and December 14, 2022, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes over 15,000 pages of Bates stamped discovery and several months of wiretap recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review

1   and copy discovery for this matter, to discuss potential resolutions with their clients, to prepare
2   pretrial motions, and to otherwise prepare for trial.
3   c) Counsel for defendants believe that failure to grant the above-requested
4   continuance would deny them the reasonable time necessary for effective preparation, taking into
5   account the exercise of due diligence.
6   d) The government does not object to the continuance.
7   e) Additionally, given the voluminous discovery and the fact that this case involved
8   a wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for
9   pretrial proceedings or for the trial itself prior to December 14, 2022.
10   f) Based on the above-stated findings, the ends of justice served by continuing the
11  case as requested outweigh the interest of the public and the defendant in a trial within the
12  original date prescribed by the Speedy Trial Act.
13   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
14  et seq., within which trial must commence, the time period of August 10, 2022 to December 14,
15  2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code
16  T4] and 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T2], because it results from a continuance
17  granted by the Court at defendant's request on the basis of the Court's finding that the ends of
18  justice served by taking such action outweigh the best interest of the public and the defendant in
19  a speedy trial.
20 4. Counsel for LANDEROS and the government agree that for purposes of computing time
21  under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time
22  period of August 10, 2022 to December 14, 2022, inclusive, is deemed excludable pursuant to 18
23  U.S.C.§ 3161(h)(3) because his whereabouts are unknown and his whereabouts cannot be determined by
24  due diligence.  On June 1, 2021, defendant LANDEROS was ordered released on conditions.  Dkt. 73.
25  On June 15, 2021, Pretrial Services filed a petition alleging that defendant violated his pretrial release
26  conditions; namely, the conditions that "You must report to and comply with the rules and regulations of
27  the Pretrial Services Agency. You must reside at a location approved by Pretrial Services, and you must
28  not move or absent yourself from this residence for more than 24 hours without approval of Pretrial

Services." Dkt. 75.  The petition alleges that defendant LANDEROS's Pretrial Services Officer has been unable to reach him since his release from custody.  The petition also states that Pretrial Services has attempted to determine defendant LANDEROS's whereabouts by contacting his wife and other family members, but those individuals are also unaware of his whereabouts.  Defendant LANDEROS's counsel also has not had contact with his client since shortly after he was released from custody.  The parties agree and ask the Court to find that defendant be considered unavailable because his whereabouts are unknown and his whereabouts cannot be determined by due diligence.

5.   With regard to defendant MUNGUIA-MUNOZ, the parties anticipate that they will be ready to schedule a trial date on or before the next scheduled status conference date.

6.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 3, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ JESSICA A. MASSEY
JESSICA A. MASSEY
Assistant United States Attorney

Dated:  August 3, 2022

/s/ HRISTO BIJEV
HRISTO BIJEV
Counsel for Defendant
JOSE EDEN LANDEROS

Dated:  August 3, 2022

/s/ DAVID TORRES
DAVID TORRES
Counsel for Defendant
ISRAEL MUNGUIA-MUNOZ

**ORDER**

IT IS SO ORDERED that the status conference is continued from August 10, 2022, to **December 14, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **August 4, 2022**              /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE